Case number 082841, People v. Daniel Garcia You both step up, although I recognize both of you, but your names for the record. Good morning, your honors. My name is Caroline Borland, and I represent the petitioner Daniel Garcia. My name is Bill Toffinetti. I'm an assistant state attorney. I represent the people of the state of Illinois. All right, and both of you, I think, know our usual procedure, and based on the number of questions, we'll give you the adequate time to address whatever you want. So, proceed. May it please the court, Mr. Garcia was found guilty by accountability of murder, aggravated kidnapping, and robbery of Margaret Anderson in 1992. The state collected a lot of physical evidence from the scene, which was tested by the now discredited Pamela Fish in 1992. Based on that inconclusive evidence, and based on statements attributed to Mr. Garcia from the police and from Rosie Centrone, Mr. Garcia was convicted. He now seeks an evidentiary hearing to prove, first, that Pamela Fish tested that evidence. She reported her findings inaccurately. Second, that trial counsel ineffectively stipulated to those inconclusive findings five years later. Third, that a proper testing of that evidence will now prove his innocence, and also that trial counsel ineffectively failed to tell his jury that Rosie Centrone had lied at this trial. How would the evidence now prove him innocent? The DNA evidence? I mean, did we not come to the conclusion that the fact that it wasn't used in reality kind of helps him? It didn't help him. The test for new evidence would be, is it likely to change the outcome on a trial? And we argue that it would be, because this was inconclusive findings. And we don't know what the test would show, but at the greatest level it could show... It could show, first of all, someone unknown to the police that was not Kirk, that was not Daniel Garcia was on that DNA evidence. An example of that, although known to the police, was the homeless man that they collected. That new testing could show that he was there. It could also show the presence of Kirk and another individual, if that were the case. That would conflict with Garcia's statement, and that would also be a different trial. Even if it just showed Kirk alone, it would still change, be likely to change the outcome, because the state had Kirk, or my client Daniel Garcia there, from beginning to end. And there was so much physical evidence collected, the scene was so gruesome, anyone who was at that scene, their DNA should be recorded. It's a much different case for him to say, this DNA, all of this evidence was tested, my DNA was not there, therefore my statement, as I've always maintained to be false... Isn't there a lot of speculation in your argument? You just said it could show this, it could show that. We're talking about a standard here of moving from second stage to third stage, a substantial probability. And yet, you and your brief and you today, it seems to me, are talking about what Fish's findings, quote, may be false. If the findings were, quote, clearly untrue, it is possible the testing actually exonerated the defendant. Ultimately, if Fish falsified her findings, all of these things are very speculative. Where is there any substantial showing that there would be materiality here? Which, of course, you have to show. The substantial showing comes from the fact that Fish, there's several reasons, but the first reason is because Fish stated the same findings in this case. What if she did? What if she did? Have you read any of Fish's testimony in any of the civil cases? Her explanation of why she arrived at these inconclusive findings? Are you aware of her explanation? I'm aware of the evidence that he's attached here, where she would state the same findings. And here in the Smith case, the case went back, there was a hearing, and the judge found that there was no falsity in the reporting that she gave. The case went into the federal court, as the state points out. And at some place along the line, you just drop the whole issue of the Fish perjury, if that's what it was. But as I understand, what Ms. Fish testified to was she had a protocol. And if she followed the protocol, and she arrived at a point where the protocol said, if you don't find this, you don't go further, that's what she did. The same thing that analysts testify to in drug cases. They do preliminary tests, if they don't get the color they're looking for, they don't go on for a confirmatory test. So where is all this falsity that you're talking about? It's innuendo. Well, in some of these cases, such as, I believe it was John Willis, the notes actually that she had taken showed that he was not the source of semen. In the John Willis case, once her notes were produced, they showed that she was aware that he was not the source of semen, even though she said that he was. So it's important to look at the notes in any case, specifically in this case, to find out what they actually showed. And at an evidentiary hearing, those notes could be produced. In any case where we have evidence, and of course, this was way before DNA, she was a serologist for the Chicago Police Department, and transferred over to the Illinois State Crime Lab. But in any case, going back to those days, pre-DNA, we're going to say that because she may have falsely reported in one case, that's going to entitle a petitioner to an evidentiary hearing in every other case. Is that what you're saying? No, that's not. I'm saying in this case, because the findings that she made, there was no, the blood typing, the blood size was insufficient for typing, that there was no semen on the swabs that were collected from Anderson. These were the identical findings that she had made in other cases. There's enough of a substantial showing, since Garcia also contends that a proper testing would have proven his innocence, that he should be able to pursue that claim. Now, there's two claims we're making. We say it is enough for an evidentiary hearing in this case, because it was granted under similar circumstances in David Smith. We also say if this Court has concern over whether this is a substantial showing at this point, it's proper to remand it back to the second stage to require post-conviction counsel to try to seek that evidence and seek the evidence. Why not just have a 116.3 motion and go through with it that way? You'd solve the whole thing. You would have the testing done. You could use the most advanced technology, as the state seems to have indicated in their brief. You wouldn't be talking about serology. You'd be talking about STR testing.  I think it's important to get new testing. I also think it's important to look at Fish's findings, and I don't see any reason why we cannot get that through a post-conviction hearing act. But we have to determine whether Judge Salone erred in saying there was no substantial showing to get you there. That's the problem. And that's one of the issues, and also whether post-conviction counsel... I mean, you can file the 116.3 motion. There's no limitations. You could file one, two, or three of them, according to the case law. And so I don't know where the prejudice is to your client to do that, whether the testing is done on a remand as part of our case, or whether the testing, the motion, is presented before the judge. And I think that, just on its own, seems to me the same result would obtain. You're going to get the retesting. I think it would be different results, just because we have... we need more than just the testing. We need to know what Pam Fish's notes were in order to address whether she gave false testimony in this case. We also have these other claims about trial counsel being ineffective in stipulating to those findings. So we need to have one hearing to address a number of things. We need to call defense counsel in to talk about why he did not seek any additional testing. I don't follow that logic. If you present a 116.3 motion and you have retesting of all of this evidence, whatever... and it comes up favorable to your client, we're way past whatever Ms. Fish did or didn't do. You're on the ground to an exoneration at that point, if you're successful. That's correct, so long as the issues that he's raised in this petition are preserved in some way. And if they were in order to actually get the DNA testing, then that would be a result that we would be sufficient with. We want the DNA testing to occur. We want a hearing on these three claims to make sure they're addressed. We think it's proper in an evidentiary hearing based on Shum and Johnson that say that once you get the 116.3 results, you address it at a post-conviction evidentiary hearing. Those two cases, when you talk of Shum and Johnson, they were in that period where 116.3 was thought of in one case. They knew it was coming. It was in 1997. It became effective in 1998. They talk about, well, yes, this would be a good motion, a good request under 116.3, but we don't really have 116.3 yet. So we're going to send it back as part of this post-conviction petition and instruct to have the testing done. But I don't know that those cases are really on point to the situation we're at now. It's a different framework. The difference would be that Section 116 had been enacted when you filed this post-conviction petition. Is that what you're getting to? Otherwise, I don't see any differences. And I think to address the difference, because all of his claims here, like the petitioners in Shum and Johnson who were seeking testing to prove their actual innocence, he seeks that claim. He additionally seeks claims to prove that the testing of this evidence was handled improperly. You cannot be arguing actual innocence here because you have three criteria you have to meet. You have to show that it's newly discovered, which possibly you could do. You have to allege that it's not cumulative. But you also have to allege that it would conclusively change the results. And we just don't know that. So you're not within the realm of an actual innocence claim at this juncture. Perhaps if this Court does not believe there's enough for an evidentiary hearing, we would be okay with going back to the second stage where this case is at, where this petition made it. Because especially Mr. Garcia requested his post-conviction counsel to file this motion, telling him it will support my claims. Mr. Garcia even sent a letter to the Court asking for different counsel because post-conviction counsel had not responded to his claims. And he's made it to that stage. Any reasonable attorney would obtain that evidence to support his client. So it would go back to the second stage with orders for post-conviction counsel to seek that motion, to get the testing that's necessary for the claims that have been raised by Garcia. There can be no doubt that he's raised arguable claims. If this evidence is proven true at an evidentiary hearing, he'd be entitled to relief. Well, you're handicapped because you were not the counsel at that stage, but of course now you are. And if we denied relief here, I'm sure as competent counsel you would make that motion before trial court at this point. If you denied relief altogether in this case? For the DNA testing under 116.3. I would think you would. I'd also be concerned about, though, how to preserve these other issues that he's raised. Well, that's another issue. Given the posture of this case, what are we here for? We're at the appeal of a second stage. Did the trial court err in dismissing the case without an evidentiary hearing? Did post-conviction counsel perform reasonably? Everyone agrees that DNA testing is needed for this case, except post-conviction counsel. Post-conviction counsel has a duty to obtain the evidence and amend the petition necessary to advance that claim. So clearly it was unreasonable. The case is at the second stage. It'd be proper, certainly proper, to remand back to fully develop these claims at the procedure where it was occurred. Where the case occurred would be my position. And it's true, he could file a 116.3 motion if this case were dismissed, but then he would have to file a successive petition re-alleging these claims. We don't want them to be lost in the process somehow. If the case were held in advance, if there was something that this court did to preserve those claims in order to require him to file a 116.3 motion, that would be okay. We just don't want to lose the benefit of the claims that he's raised. Because he has made substantial showings, he's preserved these, he's been pursuing these claims since 1999. And they've kind of been languishing in the court. So as long as he gets a chance to resolve all of these claims, and he gets some assistance because he did make it to the second stage in seeking the DNA evidence, that's what we're after here. Well, he made it to the second stage by default. The judge didn't rule within 90 days, and so it ended up on the docket as a second stage case. And it is a second stage. And post-conviction counsel, he was then appointed counsel who has the duty by the Illinois Supreme Court in Rule 651C to perform reasonably and support his claims to amend the petition as necessary. So post-conviction counsel had to do that regardless of the reasons why it advanced. Are you contending that's your third issue? I don't want to jump the gun here. But 651C deals with, as I understand it, with redrafting petitions and pleading requirements. I'm not aware that it requires gathering evidence, that it requires making, say, a motion for testing under 116.3. Of course, the counsel below specifically rejected the request to do 116.3 testing, apparently did not see any basis for it. Case law has held that in interpreting counsel's duty to make the necessary amendments, it is a requirement of counsel to obtain the evidence necessary to support that claim. That does fall in within counsel's duty to adequately bring the petitioner's claims to the court. He needs to make sure, for example, that the case does not be dismissed for lack of evidence that is needed to present that claim. Also, in this case, defense counsel, post-conviction counsel, I'm sorry, never even... Well, he's required to reshape claims, he's not required to search out new claims. That's true. The Supreme Court has rejected that. These claims are in the petition. Pamela Fish is in here. Mr. Garcia's claim regarding her testimony is in here. He also specifically claims that trial counsel is ineffective. So post-conviction counsel, not only did he not obtain the evidence to support that, he did not even alert the court to Pam Fish being in this case at all. So the trial court made its decision in this case without the benefit of being aware of that claim. So it works together. Not only did he not obtain the evidence, he failed to amend the petition to even alert the court that this claim was in there. And Mr. Garcia definitely did raise them. But he filed a supplemental petition, did he not? Post-conviction counsel? Yeah. He did. It basically summed up some of Garcia's claims. It did not mention Pam Fish. He certainly never argued at the motion that this was a new claim that Garcia had raised that was outside of the record of his appeal. Because the state was saying most everything in here is something that should be barred by waiver of race judicata because of the way it was handled on direct appeal. Counsel never alerted the trial court to the fact of these claims being in this petition. So this further is why counsel was unreasonable. In the Smith case, the appellate court waived the requirement of an affidavit because the counsel could not get the records. Here we don't have anything to support the allegation that Fish's testimony was false. Was there any effort on the part of counsel below to get records? The record certainly doesn't show that he did so. Garcia wrote him saying, please obtain testing regarding Pam Fish, and his response was, I don't think testing would matter. So I think that was the beginning and end of what he did based on the record. Well, how could the trial judge then reach the issue of the veracity of Fish's testimony if there's nothing attached to support it to the post-conviction petition other than the articles? Smith said, okay, you did everything you could do, so in lieu of affidavit, we'll let it go because you tried to get something. Here all we have is articles. So how can the trial judge reach even that question? The difference is in Smith, it was post-conviction counsel who was seeking that evidence. So it was unreasonable for counsel not to make sure that the trial judge did bring that evidence. So aren't we kind of tied up here? Can we even reach the veracity of any issues regarding Pam Fish if we don't have anything substantiated other than these newspaper articles? In the absence of other efforts, as noted in the Smith case? I think you can, based on the fact that you need an evidentiary hearing on three different claims here. And there's a substantial showing that if these claims are ultimately proven to be true. But you have to have a substantial basis. And we don't have anything to support it other than the newspaper articles. So how do we even go any further? You say then it was unreasonable of post-conviction counsel to not bring this evidence, to at least seek it, to bring it to the attention of the court. And under Rule 651c, it's strict. If counsel does not comply with any of the three requirements, you have to get a remand to ensure reasonable assistance. And if this court believes that there's not sufficient evidence to resolve whether this petition should have gone to an evidentiary hearing, because of the lack of evidence, and it was counsel's duty to obtain that evidence, the only result is to remand to second stage. To ensure reasonable assistance. I am prepared as well to talk about our second issue, if this court has any interest in that, or if this court has any other questions on the first issue. I don't want to take up more time than this court desires, but briefly I can address the second issue. Mr. Garcia also requests an evidentiary hearing regarding trial counsel's failure to alert his jury to the fact that Rosie Cintron admitted that a lot of the testimony she had given at this trial. Haven't we already addressed that? Wasn't that in the direct appeal? And the ineffective assistance, I believe, in six instances was raised and discussed by the appellate court on direct appeal? Mr. Garcia raised this claim himself to the appellate court. Including the ineffectiveness of appellate counsel? Trial counsel, yes. So hasn't that been resolved? You didn't like the opinion. You take issue with the opinion. Well, I was listening to the civil cases about when race judicata is applied and when it's not applied, and it seems to be somewhat complicated. In criminal cases, it's very simple. Fundamental fairness trumps race judicata. If the appellate court decision was clearly wrong, and if there's another compelling interest to warrant reconsideration, you are entitled to relax the doctrine. Here, we maintain that the decision was clearly wrong. Trial counsel failed to alert Mr. Garcia's jury that she had admitted to lying at this trial. She was the linchpin of the case against him. She was crucial to his defense, where he said he only signed a statement when the police did not listen to his claims that she was lying. And, in addition, the other compelling interest, as Kegel held, was that this claim was raised ineffectively, pro se, when appellate counsel would not raise the issue for him. So you want us to say that our predecessor division of this court, the appellate court, the sixth division of this court was wrong on the direct appeal. But we shouldn't say that on the David Smith case that you want to use on the first issue. I don't think the appellate court on this issue had a full argument to make a competent decision. Mr. Garcia did not know how to explain prejudice under strict judgment. They had the record before it. And you would agree that there was substantial cross-examination by trial counsel of Ms. Sitra. And the test under Strickland is does counsel's deficiency undermine confidence in the outcome of trial? And it does in this case. Trial counsel did not tell Mr. Garcia's jury that she had lied about all of, she had admitted to lying about everything the night before in the morning when Margaret Anderson was killed. The appellate court, in reaching this issue, expressed some confusion about what trial counsel had done, believing that it was trial counsel who was involved in the process of getting Ms. Sitra unappointed lawyers. So there was some misunderstanding from the appellate court. They did have the record, they did not have a full legal argument on how Ms. Cintron's testimony was just the heart of this case. She was the reason why Mr. Garcia was arrested. She was the only witness to accuse him at trial. The statement that she claimed that Mr. Garcia made to her talked about this bracelet. He was telling me how he got this bracelet. But she had just admitted that her testimony about ever seeing him with a bracelet was false. The appellate court was never given this information. And the new issue is was appellate counsel ineffective in not raising this issue on behalf of Mr. Garcia? And had this been developed with full legal claim, it is likely that it would have been different. So in this case, the equities do outweigh race judicata. Did I answer your Honor's question on that?  Thank you. Good morning, Your Honors. Once again, my name is Bill Toffinetti. I'm an assistant state's attorney. Your Honor, for a case to survive stage 2 to proceed to stage 3, the defendant has to make a substantial showing of deprivation of a constitutional right. There's no evidence attached to the defendant's case that Pamela Fish falsely reported any of the results of her tests. The involvement of Pam Fish in this case is not evidence, the mere involvement. At most, it raises a suspicion. The fact that she may have been malfeasant in other cases is not evidence that she was malfeasant in this case, and suspicion is not evidence. All of the questions the defendant raises on this issue can be resolved in the simplest way. Send the case back for the defendant to file a motion under 116.3 for testing of all of the evidence to determine whether or not, either under the new technology or the same serology tests that were done before, whether or not there is either evidence of actual innocence... The court could retain jurisdiction over the case, but send it back for a limited remand for the specific purpose of the defendant, whether he wants to... What do we do with the other issues, then? You decide them favorably for the State. You don't need to not address them. Come on. We're going to keep this case on the call while testing is going on for God knows how long? The court routinely sends a case back, say for an attenuation hearing or something like that. The issue would go back for a limited remand on one motion, and if the motion is granted, because it's something to litigate, if the motion is granted, the testing would take place. And the results, then, would either be the basis of a successive petition or actually... Have you ever been down to the West Side? Were you ever assigned out there? You mean at 26th Street? I've never worked in a courtroom. Well, I was there 24 years in the building, and to get a case sent back piecemeal like that, that's about the worst way you want to handle a case. And in the two years I've been here, retaining jurisdiction is hardly the way to go either. Well, then I would think that the law then would require that this court address all of the issues, and on this issue, the court would have to find that the defendant has not made a substantial showing. It would affirm the dismissal of the PC petition, and then defendant would still have the right to go back and file a 116-3 motion. So it really doesn't matter. The same thing is going to happen one way or the other. Indeed, on the issue of the ineffective assistance of post-conviction counsel for failing to file or to proceed on the DNA issue, the Pam Fish issue, that's an issue this court doesn't need to address because the remedy is still going to have to be testing under 116-3. So you and the defense at least agree on the one point that further testing is required here, or should be? I have been saying that from the get-go. You say it in your brief, I know that. Pardon? You say it in your brief. Yes, absolutely. Now, the motion that would be filed in the circuit court, of course, would have to lay out a prima facie case. And unless something new comes along, I would imagine the motion would be granted, although I am not going to concede the motion. That's up to the State's attorneys in the relevant courtroom. Every appropriate legal argument that can be brought should be brought. If you are suggesting that the case go back and we retain jurisdiction, you're suggesting go back for testing, I would be hard-pressed to see one of your assistants at 26th Street come up and say, well, you haven't showed a sufficient basis for testing under 116-3. But here's the thing. The issue of whether the testing should be done has not been litigated. If this court wants to order the testing, the court can do that. If this court wants to send it back for the filing of a petition, this court can do that. If this court wants to affirm the judge's decision, this court can do that. And 116-3 remains as a remedy for the defendant to pursue. So it all comes back, I have a one-answer-fits-all question here, 116-3. I mean, that's really what procedurally has to be done. That's what the case law indicates. The Stage 3 evidentiary hearing is not to be done in order to secure the evidence that is required to pass a case from Stage 2 to Stage 3. The legislature has specifically allowed for this procedure of a 116-3 motion to allow for a procedure of 116-3. For the defendant to acquire the evidence that he would not ordinarily be able to acquire. Admittedly, the evidence is in the possession of the state. And the chain of custody, of course, in most circumstances would be stipulated to. But he has the right to ask that the evidence be tested. And if the evidence is favorable to the state, he loses. If the evidence is favorable to him in a way that establishes his actual innocence, he wins. If the evidence is ambiguous and falls somewhere in between, that could provide the basis for a successive petition. Or to pass the case to a Stage 3 hearing. And at that point, the evidence would have to be examined in the context of the case as a whole. As to the issue of the ineffective assistance of appellate counsel, the underlying issue has been litigated. That's law of the case. And given that it was decided favorably to the people, the defendant certainly cannot show the second prong of prejudice of Strickland. So we would ask that this Court do one of two things. Either retain jurisdiction and send the case, that one issue back for testing. Or to affirm the decision of the circuit court. And the defendant can take whatever action the defendant wishes to under 116.3. Any argument as to the third issue? The issue of the ineffective assistance of appellate counsel. No, it's to post-conviction counsel. The only... The defendant raises three specific objections. One is that there wasn't... The defense counsel didn't pursue the Pam Fish argument. That would stand or fall on further testing, on DNA testing. That's an issue this Court does not have to really reach. Failed to correct the record when the assistant state's attorney said that the appellate counsel had raised the issue of Rosie Citrin's testimony. The defendant is correct. It was raised pro se, not by appellate counsel. However, given that it was raised and addressed and litigated in the appellate court and decided against the defendant, I don't think defense counsel at the post-conviction stage has any obligation to beat the dead horse. And then there's the claim that defense... Defendant claims it should have been brought out that he was arrested on February 13th, not on February 14th, as the police testified to. We don't know the significance of that. That's a fact that might just be a typo. We just don't know why that's significant. So in light of defense counsel's professional opinion not to bring those objections, he has complied with 651C. He's done everything that the rule complies with. So I think his performance has to be judged as being compliant. Wasn't there some disparaging remark made by the state's attorney before Judge Salone as to the input of post-conviction counsel in reshaping the petition? That it was an embarrassment or something of that nature? Was that comment made? Possibly. I don't know that that's basis for reversal. I don't know that any disparaging remark on the part of the state's attorney really is a substantive consideration as to counsel's performance. Counsel has the case that he has. He can't make something out of nothing. And one of the things that the state's attorney was complaining about was that this was a case that had languished in the circuit court for many years and defense counsel wasn't able to come up with more than what he was able to come up with. But there's no indication to think that any other lawyer could have. You did have a petition of some 300 pages that was not really the model of clarity and conciseness, was it? Are you a relative of Joe Gordon? Are you taking Joe Gordon's case? The length of the Pro Se petition is really not relevant. I mean, if you look at the issues that he raised Pro Se, they're not substantive constitutional questions. I mean, most of it dealt with complaints about his trial lawyer not winning the case. I don't think that has any relevance whatsoever. Okay. Thank you. Thank you, Your Honor. I can be brief, Your Honors. The remark that the state made at the hearing was that post-conviction counsel's representation was an insult to this court, referring to the trial court. They talked about how counsel was appointed to go through their petition to amend the petition to bring Daniel Garcia's claims adequately to the court. That is also a rule of 651C. It was not complied with here. And of course you have to reach this issue now before waiting to see what 116 shows. Counsel was required to obtain the evidence that was necessary to adequately present the claims. It's not Daniel Garcia's responsibility to bring that evidence and then show, see, counsel should have gotten this. Counsel was the one to do that. Garcia does not need to prove that claim. And since the state has offered that this court could remand with an order for testing to occur, I would just like to point out that the prima facie case for testing does exist on this record. So it certainly would be proper to order that testing rather than requiring counsel to file a motion. Identity was contested at trial. There was a chain of custody at the time of trial. And as I've explained, no matter which way the evidence shows, which way the DNA testing comes out, it would materially change this trial because it's the difference between defending yourself against inconclusive evidence and defending yourself against evidence that says you were not there. So it does have the potential to do so. So this court does not need to require Daniel Garcia to bring this claim. It can order this case either to an evidentiary hearing where good cause for discovery can allow all of this evidence to come in and everything can be addressed at one point with all of the evidence necessary, all of the witnesses necessary in one decision, or it can remand to the second stage with orders to instruct counsel to obtain that testing or to file a motion for that testing. Since the claims appear in this petition, this court should not dismiss this petition. It should ensure that these claims are resolved. And therefore, since these claims, if they're proven to be true, would result in relief, and since the evidence Garcia requests is just the opportunity to prove those claims, we request that this case be dismissed. Thank you. So you've both left us with a door open.